UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>  Plaintiff,<br><br> v.<br><br>CADENA,<br><br>  Defendant. | Case No. 2:25-cv-1381-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state inmate proceeding pro se, has requested leave to proceed *in forma pauperis* and has submitted an affidavit in support of his application, as required by 28 U.S.C. § 1915(a)(1). ECF No. 2.

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). This court also requires a $55 administrative fee. An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A prisoner seeking leave to proceed *in forma pauperis* must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the court

1

1   assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past
2   six months, or (b) the average monthly balance in the account for the past six months, whichever
3   is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v.*
4   *Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed *in forma pauperis* must pay any
5   remaining balance in "increments" or "installments," regardless of whether their action is
6   ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

7         Plaintiff's affidavit indicates that he has $5,900 in his inmate trust account, ECF No. 2 at
8   2, and his CDCR trust account shows a balance of $5,957.20, ECF No. 5 at 1.  Plaintiff also
9   attests that he is to receive $14,000 from a settlement in another action. ECF No. 2 at 1.  Plaintiff
10  lists three dependents and states that he will withdraw $3,650 for them.[1]  *Id.* at 2.  While the Ninth
11  Circuit has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v.*
12  *Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by plaintiff shows that he
13  has sufficient funds to prepay the full $405 filing fee to commence this action and will have
14  adequate funds left over for any incidental personal or commissary expenses.  *See, e.g.*, *Thomas v.*
15  *Okwanoko*, No. 1:23-cv-0027-EPG (PC), 2023 WL 3571144, at *1 (E.D. Cal. Apr. 27, 2023)
16  (noting the prisoner's failure to explain the money he received from other sources in the previous
17  twelve months and recommending *in forma pauperis* be denied because he "received more than
18  enough funds to pay the filing fee prior to filing this case"); *Hammler v. Dignity Health*, No.
19  1:20-cv-1778-JLT-HBK, 2022 WL 206757, at *2 (E.D. Cal. Jan. 24, 2022) ("A court need not
20  authorize a party to proceed in forma pauperis where that individual had the funds to pay the
21  filing fee, but subsequently chose to spend them elsewhere").

22        Based on plaintiff's averments, I find that he has failed to demonstrate that he has
23  insufficient assets to pay the filing fee and costs and provide the necessities of life.  *See Escobedo*
24  *v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application
25  is sufficient where it alleges that the affiant cannot pay the court costs and still afford the

---

[1] Plaintiff does not explain when he will withdraw these funds for his dependents, but even if he were to withdraw the listed amount, the court is satisfied that plaintiff has sufficient funds to provide for the necessities of life and pay the filing fee.

necessities of life.").

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be denied.

2. Plaintiff be given twenty-one days from the date of any order adopting these findings and recommendations to pay the filing fee of $405.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3